# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WADE T. DEBERRY,
    Appellant,

  v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
DE-3330-17-0405-I-1

DATE: April 28, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wade T. DeBerry</u>, Castle Rock, Colorado, pro se.

<u>Yolanda Hernandez</u>, Chantilly, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied corrective action in his Veterans Employment Opportunities Act of 1998 (VEOA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are undisputed. The appellant is a preference-eligible veteran with a 30% service-connected disability. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 10. During all times relevant to this appeal, he was employed by the agency's Defense Contract Management Agency as an NH-III Information Technology Specialist. IAF, Tab 1 at 1, Tab 5 at 10. On April 26, 2017, the agency issued a vacancy announcement for one excepted-service GG-13 Project Manager position in the National Reconnaissance Office, under its 10 U.S.C. § 1601 appointing authority. IAF, Tab 10 at 10. The announcement indicated that it was being issued under both Title 10 public and merit promotion procedures. *Id.* The appellant applied for the position and was found qualified. His name appeared on both the Title 10 "non-traditional" and merit promotion certificates. *Id.* at 6-9. Although the appellant was interviewed, he was not selected. IAF, Tab 1 at 5. Another individual from the nontraditional certificate was selected instead. IAF, Tab 10 at 8.

After exhausting his administrative remedies with the Department of Labor (DOL), the appellant filed a VEOA appeal with the Board and requested a

hearing.[2]  IAF, Tab 1 at 2-4, 14-15.  He argued that the agency violated his veterans' preference rights by failing to afford him any veterans' preference at all.  *Id.* at 5.  After issuing a close of the record order, the administrative judge issued an initial decision denying the appellant's request for corrective action without a hearing.  IAF, Tab 8, Tab 13, Initial Decision (ID).  She found that the appellant established jurisdiction over his appeal and that it was undisputed that the agency did not afford him veterans' preference.  ID at 2-3.  She further, found, however, that the agency was not required to do so because appointments under 5 U.S.C. § 1601 are exempt from Title 5 veterans' preference requirements, and the agency's implementing rules, found in Department of Defense Instruction (DoDI) 1400.25, Volume 2005, do not require the application of veterans' preference under these circumstances.[3]  ID at 3-5.

¶4    The appellant has filed a petition for review, arguing among other things that the administrative judge misinterpreted DoDI 1400.25, and that a careful reading of the rule shows that veterans' preference should have applied in his situation.  Petition for Review (PFR) File, Tab 1 at 4-15.  He has included with his petition another copy of the vacancy announcement and some documentation pertaining to his qualifications, credentials, and veterans' preference.  *Id.* at 15-29.  The agency has not filed a response.

## ANALYSIS

¶5    Although Title 5 veterans' preference requirements apply to Federal hiring in general, there are certain appointing authorities, including 10 U.S.C. § 1601, that allow for appointment without regard to these requirements.  *Boston v.*

---

[2] The appellant expressly stated that he did not wish to raise a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994.  IAF, Tab 11.

[3] The agency filed a copy of DoDI 1400.25, Volume 2005 below.  IAF, Tab 5 at 17-41.  This copy indicates some changes that were made on August 21, 2017—after the conclusion of the hiring process at issue.  We have analyzed DoDI 1400.25 without regard to these changes, but in any event, we find that they would not affect the outcome of this appeal.

*Department of the Army*, [122 M.S.P.R. 577](#), ¶ 9 (2015).  That section authorizes the Secretary of Defense to establish excepted-service positions in the Defense Civilian Intelligence Personnel System (DCIPS) and, "after taking into consideration the availability of preference eligibles," appoint individuals to those positions without regard to the provisions of any other law relating to appointment.  [10 U.S.C. § 1601](#).  In keeping with the mandate to consider the availability of preference eligibles, the agency has issued rules in DoDI 1400.25, Volume 2005 to provide certain hiring preferences for veterans new to Federal service.  *Boston*, [122 M.S.P.R. 577](#), ¶ 11.  The Board has upheld these rules as a reasonable and permissible construction of the statute.  *Id.*, ¶¶ 7, 11.  Under DoDI 1400.25, Volume 2005, Enclosure 2, ¶ 18.a, veterans' preference is not applicable to recruitment from internal candidate sources.  However, when staffing from external sources, preference eligibles will be given preference for employment in accordance with DoDI 1400.25, Volume 2005, Enclosure 2 § 15. DoDI 1400.25, Volume 2005, Enclosure 2, ¶ 1.a.

¶6      On petition for review, the appellant argues that he is an external candidate because he is not an employee of the National Reconnaissance Office and has never been employed under DCIPS.  PFR File, Tab 1 at 5-6.  However, under the terms of DoDI 1400.25, "external" candidates are those who are "not currently serving in permanent or DCIPS positions in the Federal service."  DoDI 1400.25, Volume 2005, Glossary, Part II.  Because the appellant is currently serving in a permanent position in the Federal service, he does not fit this definition.  IAF, Tab 5 at 10.  Furthermore, even if the appellant were an external candidate, DoDI 1400.25 specifically provides that veterans' preference does not apply to external candidates with prior tenured Federal service who have not been separated for cause.  DoDI 1400.25, Volume 2005, Enclosure 2, ¶ 15.b.  The appellant further argues that he should have been afforded veterans' preference because he was competing with external candidates.  PFR File, Tab 1 at 6. However, we find that the requirement to afford veterans' preference to a given

candidate is based on the status of the individual and not on the status of the other candidates on the certificate. DoDI 1400.25, Volume 2005, Enclosure 2, ¶¶ 1.a, 15.a-b.

¶7 The appellant argues that the agency failed to implement veterans' preference requirements as required under DoDI 1400.25, Volume 2005, ¶ 15.d, PFR File, Tab 1 at 4-6; failed to treat his veterans' preference as a positive factor as required by DoDI 1400.25, Volume 2005, ¶ 15.d(2)(a), *id.* at 6-7; failed to offer him the position over an equally qualified non-veteran as required by DoDI 1400.25, Volume 2005, ¶ 15.d(2)(b), *id.* at 7, 5, 12; and failed to follow the passover procedures of DoDI 1400.25, Volume 2005, ¶ 15.e, *id.* at 5-6, 8, 11, 14. However, as explained above, the veterans' preference requirements of § 15 apply only to external candidates without prior Federal service.

¶8 The appellant also appears to argue that DoDI 1400.25 is invalid to the extent that it conflicts with statutes requiring the application of veterans' preference. He argues that his status as a current Federal employee is no basis to deny him his statutory rights as a preference eligible, and that DoDI 1400.25 violates the merit system principles of 5 U.S.C. § 2301. PFR File, Tab 1 at 8-10, 12, 14. As an initial matter, we note that the merit system principles are not self-executing, and unless a law, rule, or regulation implementing or directly concerning the principles is violated, the principles themselves may not be made the basis of a legal action. *Pollard v. Office of Personnel Management*, 52 M.S.P.R. 566, 569 (1992). Nor does VEOA grant the Board the authority to consider claims for violations of laws other than veterans' preference rules. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007). Furthermore, although veterans' preference generally is required in Federal hiring, the specific statutory language of 10 U.S.C. § 1601, which is aimed at this particular situation, controls over the general statutory language related to Government-wide veterans' preference. *See Jacobsen v. Department of Justice*, 101 M.S.P.R. 134, ¶ 7 (2006). We find no basis to disturb our previous holding

in *Boston*, 122 M.S.P.R. 577, ¶¶ 7, 11, concerning the validity of DoDI 1400.25, Volume 2005.

¶9 The appellant argues that the vacancy announcement itself provided that veterans' preference would be applied during the selection process. PFR File, Tab 1 at 7, 13. We have reviewed the vacancy announcement, and we find that it stated that veterans' preference would be applied "in accordance with the procedures provided in DoD Instruction 1200.25, Volume 2005," which, as explained above, specifically exclude current Federal employees from receiving veterans' preference. IAF, Tab 10 at 10. In fact, the vacancy announcement explicitly stated that "veterans preference will not be applied to applicants with current federal service, or former federal civilian service . . . ." *Id.* at 14.

¶10 The appellant also argues that DOL erred in determining that the agency ultimately made its appointment from the merit promotion certificate. PFR File, Tab 1 at 10-11; IAF, Tab 1 at 14. Having reviewed the relevant documents, we agree with the appellant that DOL's decision was in error in this regard. The record shows that the agency made its selection from the nontraditional certificate and not from the merit promotion certificate. IAF, Tab 10 at 6-9. Nevertheless, we find that this fact is immaterial. The veterans' preference requirements of DoDI 1400.25 do not distinguish between selections from merit promotion certificates and other types of certificates of eligibles.

¶11 The appellant makes several arguments pertaining to age discrimination, his qualifications, and allegedly substandard work by the agency's human resources department. PFR File, Tab 1 at 10-12, 14-15. We find, however, that these matters do not pertain to the issue of whether the agency violated his rights under a statute or regulation related to veterans' preference, which is the only cognizable claim in a VEOA appeal. *See* 5 U.S.C. §§ 3330a, 3330c; *Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 12 (2015).

¶12 Finally, having reviewed the documentation that the appellant has submitted with his petition for review, we find that none of this evidence is either new or

material.  PFR File, Tab 1 at 15-29; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).  It all appears to predate the close of the record below, and nothing in it shows that the agency violated the appellant's veterans' preference rights.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.